UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD D. JOHNSON, #198460,

        Petitioner,

v.                                            Case No. 12-11038

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DECLINING CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

Michigan prisoner Edward D. Johnson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner pleaded guilty to assault with intent to rob while armed, Mich. Comp. Laws § 750.89, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in the Genesee County Circuit Court.  He was sentenced to 15 to 25 years imprisonment, a concurrent term of two to five years imprisonment, and a consecutive term of two years imprisonment on those convictions in 2009.  In his pleadings, he raises claims concerning the validity of his sentence and the effectiveness of counsel at sentencing.  Respondent has filed an answer to the petition contending that the claims lack merit.  For the reasons that follow, the court will deny the petition and deny a certificate of appealability.

**II.  FACTS AND PROCEDURAL HISTORY**

Petitioner's convictions arise from an incident in Mt. Morris Township on March 17, 2008 in which he and two other men went to the home of the Hale family, while

armed, with the intent to rob them. During the incident, the father was assaulted in his bed and the wife and son were duct-taped in the front room. Petitioner claimed that he served as the getaway driver and did not enter the house because he knew the family.

Petitioner was charged with three counts of assault with intent to rob while armed, first-degree home invasion, carrying concealed weapon, felon in possession of a firearm, and felony firearm. On August 18, 2009, he pleaded guilty to one count of assault with intent to rob while armed, felon in possession of a firearm, and felony firearm in exchange for dismissal of the other charges and he was not charged as a habitual offender. There was no sentence agreement. If Petitioner provided information about the third perpetrator, however, the prosecution would not object to a sentence at the low end of the sentencing guideline range. At the plea hearing, the trial court advised Petitioner of the charges and possible penalties, the rights that he would be giving up by pleading guilty, and the terms of the plea agreement. Petitioner confirmed that he understood those matters and that he was pleading guilty of his own free will. He also provided a factual basis for his plea. The trial court then accepted the plea finding it to be knowing and voluntary.

On September 25, 2009, the trial court sentenced Petitioner to 15 to 25 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. At that hearing, defense counsel disputed information in the pre-sentence report which indicated that Petitioner was the "muscle" for the crime rather than the getaway driver, but otherwise had no objections to the report or the scoring of the guidelines. One of the victims, Mrs. Hale, testified that Petitioner destroyed her and her family's lives and that she would never be the same.

Petitioner spoke on his own behalf and expressed remorse for his actions. The trial court indicated that it had also received and read letters from Petitioner's family. The trial court acknowledged that the sentencing guidelines were high due to Petitioner's criminal record and noted the serious nature of the offense in imposing Petitioner's sentence.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising what amounted to the same claims now presented on habeas review, as well as a motion to remand for an evidentiary hearing. The court denied leave to appeal "for lack of merit in the grounds presented" and denied the motion for remand. *People v. Johnson*, No. 299634 (Mich. Ct. App. Sept. 23, 2010) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Johnson*, 796 N.W.2d 64 (Mich. 2011).

Petitioner thereafter filed this federal habeas petition. In his pleadings, he raises the following claims:

> I. The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 10 points for Offense Variable 4.
>
> II. The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it failed to take into account all mitigating evidence in sentencing him.
>
> III. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing him to a prison term of 180-300 months on the assault with intent to rob while armed conviction and to a

3

prison term of 24-60 months on the felon in possession of a firearm conviction.[1]

Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit. Petitioner has filed a reply to that answer.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to

---

[1] Petitioner also alleges that defense counsel was ineffective for failing to object to each of the alleged errors at sentencing.

4

'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 88 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

6

Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. DISCUSSION

### A. Scoring of Offense Variable 4

Petitioner first asserts that he is entitled to habeas relief because the state trial court erred in scoring Offense Variable 4 (psychological injury to the victim) of the Michigan sentencing guidelines at 10 points. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. *See* Mich. Comp. Laws §§ 750.89; 750.224f, 750.227b. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim challenging the scoring Offense Variable 4 of the Michigan sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2

(6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted as to this claim.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. Rather, the record indicates that he had a sentencing hearing before the trial court with an opportunity to challenge the scoring of the guidelines. Moreover, the scoring of Offense Variable 4 was supported by the

circumstances of the crime and the victim's testimony at the sentencing hearing. Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No constitutional violation occurred. Habeas relief is therefore not warranted on this claim.

### B. Mitigating Evidence

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to sufficiently consider mitigating evidence at sentencing. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. As with the offense variable scoring claim, Petitioner cannot prevail on his claim that he is entitled to habeas relief because the trial court failed to consider all of the mitigating evidence. There is no constitutional requirement that a court consider mitigating evidence at sentencing in non-capital cases. *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). The Supreme Court has limited its holding concerning mitigating evidence to capital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) ("We have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further."); *see also Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001) (citing *Harmelin*).

Furthermore, Petitioner makes no showing that his sentence was pronounced on an "extensive and materially false" foundation or that had "no opportunity to correct" the information presented. *Townsend*, 334 U.S. at 741. The record reflects that the

9

trial court considered the circumstances of the crime, Petitioner's history and the pre-sentence reports, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, to present mitigating evidence (including family letters), and to make a statement at sentencing. He fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

### C. Length of Sentences

Petitioner next asserts that he is entitled to habeas relief because the trial court imposed too lengthy of sentences on his assault and felon in possession convictions. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that his sentences are disproportionate or otherwise invalid under state law, he fails to state a claim for federal habeas relief. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived state law errors. *Estelle*, 502 U.S. at 67-68.

Second, Petitioner is not entitled to relief on his claim that his sentences

constitute cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentences are within the statutory maximums, as well as the state sentencing guidelines. The state trial court acted within its discretion in imposing Petitioner's sentences and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment. Petitioner fails to show that his sentences are unconstitutional. Habeas relief is not warranted on this claim.

### D. Effectiveness of Defense Counsel

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to object to the alleged errors at sentencing. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the

Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The

12

question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

In this case, Petitioner fails to establish that defense counsel erred and/or that he was prejudiced by counsel's conduct at sentencing. The record indicates that the trial court properly scored Offense Variable 4 of the Michigan sentencing guidelines at 10 points, that the trial court properly considered relevant factors, such as Petitioner's criminal record and the circumstances of the crime, as well as potential mitigating evidence, such as letters from family members and Petitioner's own testimony, at sentencing, and that the trial court imposed sentences within the applicable state guideline range and the maximum sentences authorized by state law. Because Petitioner fails to establish that the trial court erred in sentencing him, he cannot establish that counsel was ineffective. Counsel cannot be deemed deficient for failing to make a futile or meritless objections. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Furthermore, Petitioner fails to establish that he was prejudiced by counsel's conduct at sentencing. The trial court indicated that it was imposing sentence based upon Petitioner's criminal record and the circumstances of the crime. Petitioner fails to establish that counsel was ineffective at sentencing under the *Strickland* standard. Habeas relief is not warranted on this claim.

### E. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims.  Accordingly, the court will decline to issue a certificate of appealability.

## V.  CONCLUSION

Based on the foregoing discussion, the court concludes that Petitioner's claims lack merit and do not warrant federal habeas relief.  Accordingly,

 IT IS ORDERED that Petition for a writ of habeas corpus is DENIED and the Petition is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

      S/Robert H. Cleland      
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 20, 2015, by electronic and/or ordinary mail.

      S/Lisa Wagner      
Case Manager and Deputy Clerk
(313) 234-5522