**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

EDWARD D. JOHNSON,

        Petitioner,

v.

        Case No. 12-11038

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT,
DENYING CERTIFICATE OF APPEALABILITY, AND TRANSFERRING THE CASE
TO THE SIXTH CIRCUIT**

Michigan prisoner Edward D. Johnson ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenged his guilty plea convictions for assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony; Petitioner raised claims concerning the validity of his sentence and the effectiveness of counsel at sentencing. On April 20, 2015, the court denied the habeas petition and declined to issue a certificate of appealability, (ECF Nos. 26, 27), but granted Petitioner leave to proceed in forma pauperis on appeal. (ECF No. 31.) The United States Court of Appeals for the Sixth Circuit subsequently denied Petitioner's motion for a certificate of appealability. *Johnson v. Rapelje*, No. 15-1593 (6th Cir. March 3, 2016). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *Johnson v. Winn*, 137 S. Ct. 301 (Oct. 11, 2016).

This matter is now before the court on Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 35.) Petitioner asks the court to reconsider his habeas claims because they were allegedly not adequately presented to the court the first time due to his reliance upon a prison legal writer program. (*Id.*, PageID.517.) He attaches various documents to the motion, including materials from his state collateral review proceedings that occurred after his federal habeas proceedings. (*Id.*, PageID.524-79.)

Under Federal Rule of Civil Procedure 60(b), a court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the

delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in making this determination, but that discretion is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year or within a reasonable time. Fed. R. Civ. P. 60(c)(1). The court denied his habeas petition in April 2015 and he dated his current motion for relief from judgment in September 2020. (ECF No. 35, PageID.515.) Petitioner fails to provide an adequate explanation for the five-year delay in filing the instant motion, and the motion is untimely.

Additionally, as to the merits of his request, Petitioner fails to present facts or arguments which show that the court erred in denying habeas relief originally, or that the interests of justice warrant re-opening his case. Fed. R. Civ. P. 60(b). To the extent that Petitioner re-argues issues previously addressed by the court and/or raises issues which could have been presented in his initial habeas proceeding through the exercise of reasonable diligence, his allegations do not warrant the extraordinary remedy he seeks. The court will not reopen Petitioner's case.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *accord Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Petitioner fails to show that jurists of reason would find it debatable that the court abused its discretion by denying his Rule 60(b) motion. *Slack*, 529 U.S. at 484-85; *Missouri*, 2012 WL 882727, at *2-3. The court will not issue a certificate of appealability.

To the extent that Petitioner raises new habeas claims or issues in his motion for relief from judgment that were not raised in his initial habeas petition, his pleadings constitute a second or successive habeas petition, which requires appellate authorization before filing. *See Tyler v. Anderson*, 749 F.3d 499, 506-07 (6th Cir. 2014)

4

(discussing when a post-judgment motion constitutes a second or successive petition). A motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, including 1) a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, 2) seeking to present newly discovered evidence not presented in the petition, or 3) seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, is a second or successive habeas petition. 28 U.S.C. § 2244(b); s*ee Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Brooks v. Bobby*, 660 F.3d 959, 962-63 (6th Cir. 2011). Petitioner may not circumvent the authorization requirement by filing a motion for relief from judgment.

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A). *See Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Consequently, his Rule 60(b) motion must be transferred to the Sixth Circuit for such a determination. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without . . . authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). The court will transfer this case to the Sixth Circuit. 28 U.S.C. § 1631. Accordingly,

IT IS ORDERED that Petitioner's "Motion for Relief from Judgment" (ECF No. 35) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is denied.

Finally, IT IS ORDERED that Petitioner's "Motion for Relief from Judgment" (ECF No. 35), to the extent it raises new claims, is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

        s/Robert H. Cleland     /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:   September 14, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner     /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\12-11038.JOHNSON.MotionforRelieffromJudgment.CB.RMK.docx